### In re PRESSURE SENSITIVE LABELSTOCK ANTITRUST LITIGATION

### No. 1556.

Judicial Panel on Multidistrict Litigation.

Nov. 5, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of the four actions in the Northern District of Illinois, two actions each in the District of Minnesota and the Western District of North Carolina, and one action in the Middle District of Pennsylvania as listed on the attached Schedule A.[1] Before the Panel are three motions, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings of these actions. All moving and responding parties support centralization of these actions; however, the parties disagree as to which district is the most appropriate forum. All defendants[2] support centralization in the Western District of North Carolina. Each plaintiff, including plaintiff in one potential tag-along action, suggests centralization in the district in which its action is pending. In the alternative, defendant Avery Dennison and plaintiff in the Middle District of Pennsylvania action support centralization in the District of Minnesota.

■ On the basis of the papers filed and hearing session held, the Panel finds that these nine actions involve common questions of fact, and that centralization under Section 1407 in the Middle District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of allegations that the defendants violated the federal antitrust laws by conspiring to fix prices for pressure sensitive labelstock sold in the United States. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

■ Given the range of locations of parties and witnesses, the geographic dispersal of constituent actions, and the number of suggested transferee districts in this docket, it is clear that any one of several

---

1. In addition to the actions before the Panel, there are two related actions pending, respectively, in the Northern District of Illinois and the District of Minnesota. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Defendants are Avery Dennison Corporation (Avery Dennison); Bemis Company, Inc.; Morgan Adhesives Company; Raflatac, Inc.; and UPM–Kymmene, Oyj.

districts would qualify as an appropriate transferee forum for this litigation. In concluding that the Middle District of Pennsylvania is an appropriate forum for this docket, we note that this district i) does not currently have multidistrict dockets, and ii) enjoys general docket conditions permitting the Panel to effect the Section 1407 assignment to a court with the present resources to devote to the pretrial matters that this docket is likely to require. We also point out that the judge assigned to the constituent action in this district is a seasoned jurist with a caseload favorable to receiving such an assignment.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Middle District of Pennsylvania are transferred to the Middle District of Pennsylvania and, with the consent of that court, assigned to the Honorable Thomas I. Vanaskie for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1556—In re Pressure Sensitive Labelstock Antitrust Litigation*

*Northern District of Illinois*
*Sentry Business Products, Inc. v. Avery Dennison Corp., et al.,* C.A. No. 1:03–2767
*Bertek Systems, Inc. v. Avery Dennison Corp., et al.,* C.A. No. 1:03–2946
*Glenroy, Inc., etc. v. UPM Kymmene Oyj, et al.,* C.A. No. 1:03–3097
*Ogden Brothers, Inc. v. Avery Dennison Corp., et al.,* C.A. No. 1:03–3203

*District of Minnesota*
*McCarty Printing Corp., etc. v. Avery Dennison Corp., et al.,* C.A. No. 0:03–3188

*Graphic Art Systems, Inc., etc. v. Avery Dennison Corp., et al.,* C.A. No. 0:03–3255

*Western District of North Carolina*
*Hyde Park Label Corp. v. Avery Dennison Corp., et al.,* C.A. No. 3:03–315
*Ampersand Label, Inc. v. Avery Dennison Corp., et al.,* C.A. No. 3:03–316

*Middle District of Pennsylvania*
*Scranton Label, Inc. v. Avery Dennison Corp., et al.,* C.A. No. 3:03–871